| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **CLARA MICHELLE HENSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

THIS CAUSE coming before the undersigned upon a Violation Report (#213) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of her prehearing release. At the call of this matter on for hearing it appeared that Defendant was present with her counsel, William Loose, and the Government was present through Assistant United States Attorney, Richard Edwards.  From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**:    At the call of the matter, the Defendant, by and through her attorney, denied the allegations contained in the Violation Report.    The Government introduced without objection the Violation Report into evidence. Testimony was then presented by United States Probation Officer Tamara S. Styles.

The Defendant is serving a term of supervised release for her conviction of conspiracy to manufacture and distribute methamphetamine. On April 23, 2014 a Petition (#202) was filed alleging that Defendant had violated terms and conditions of her supervised release. The undersigned released the Defendant on terms and conditions of prehearing release on May 5, 2014. On that date, the undersigned entered an Order releasing the Defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1)     Defendant shall not violate any federal, state or local law while on release.

(7)(p) Defendant is to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(7)(r) Defendant must participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.

The Defendant began participating in a substance abuse intensive outpatient treatment program at Meridian Behavioral Health in Waynesville, NC after release. On June 3, 2014 and June 6, 2014, Defendant tested positive for Methadone, a schedule II controlled substance. Defendant had a prescription for Methadone as a

result of her participating in a previous treatment program. After the Defendant tested positive on June 12, 2014, Defendant was not allowed to participate in the substance abuse intensive outpatient treatment at Meridian Behavioral Health even though she had a prescription for that substance.

On June 12, 2014, Defendant tested positive for Suboxone, a schedule III controlled substance. Suboxone is a substance that is used to treat medication addiction. Defendant did not have a prescription for Suboxone.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1) finds that there is----
(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
(B) clear and convincing evidence that the person has violated any other condition of release; and
(2) finds that ---
(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is not clear and convincing evidence that Defendant violated the condition of her release by possessing Methadone. The Defendant had a prescription for the Methadone and that prescription had been provided to the Defendant by a licensed physician. Due to the fact that Defendant had a prescription for the use of Methadone the undersigned cannot find by clear and convincing evidence that the Defendant violated the condition of bond which states that she participate in a program of inpatient or outpatient substance abuse therapy and treatment. The undersigned does find by clear and convincing evidence that the Defendant violated the condition of release that required her to refrain from unlawful use or possession of a narcotic drug or other controlled substance in that she possessed Suboxone, a schedule III controlled substance that she had obtained from the "street" and for which she did not have a prescription. The undersigned further finds there is probable cause to believe that Defendant has committed at least a state crime while on release, that being that she possessed Suboxone, a schedule III controlled substance without a prescription.

Based upon the factors as set forth in 18 U.S.C. § 3142(g), it appears there are conditions or combination of conditions of release that will assure that the Defendant will not pose a danger to the safety of any other person or the

community and it has further been shown that the Defendant is likely to abide by condition or combination of conditions of release. As a result, the undersigned will allow the Defendant to continue to be released on terms and conditions of prehearing release after she has served an active sentence of six (6) days from and after the date of her arrest of July 2, 2014.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of pretrial release previously entered in this matter are hereby **ORDERED** to remain in full force and effect after the Defendant has served an active sentence of **six (6) days** in the custody of the United States Marshal to be placed in the Bureau of Prisons. Defendant is to be released on July 7, 2014 and is **ORDERED** to continue complying with the terms and conditions of pretrial release previously entered in this matter. It is further **ORDERED** that Defendant is not to possess any controlled substance whatsoever unless it has been prescribed by a licensed medical practitioner with the prescription dated on or after July 7, 2014.

Signed: July 8, 2014

Dennis L. Howell
United States Magistrate Judge